IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03349-WJM

**HONEYWELL INTERNATIONAL INC.,**

a Delaware Corporation,

    Plaintiff,

v.

**ELDER CONSTRUCTION, INC.,**
a Colorado Corporation.

    Defendant.

## DEFENDANT ELDER CONSTRUCTION, INC.'S ANSWER

The Defendant, Elder Construction, Inc. ("Elder"), by and through its undersigned attorneys, for its Answer to Plaintiff's Complaint states as follows:

1.    Paragraph 1 of the Complaint states Plaintiff's basis for the filing of this action based solely upon the Plaintiff's perspective. Elder denies that it failed to properly design or construct the Plaintiff's project, which was known as Project 9-Iron in Broomfield, Colorado (the "Project"). Elder does not deny that Plaintiff notified Elder of Plaintiff's complaints with certain aspects of the Project's performance, but Elder denies that those complaints are the result of any act, omission or other wrongdoing by Elder. Elder also denies that the Plaintiff is suffering any damage as a result of any act, omission or wrongdoing by Elder.

2.    Elder is without sufficient information or belief to admit or deny the allegations contained in paragraph 2 of the Complaint. On that basis, the same are denied.

3. Elder admits that its principal office is located at 7380 Greendale Road, Windsor, Colorado 80550. Elder admits that it maintains an office in Colorado Springs, Colorado. All other allegations not specifically addressed herein are denied.

4. Paragraph 4 of the Complaint contains a legal conclusion regarding original jurisdiction pursuant to 28 U.S.C. §1332(a). For the purposes of the filing of this Answer, Elder does not dispute the application of 28 U.S.C. §1332(a).

5. The allegations in paragraph 5 of the Complaint are admitted.

6. Paragraph 6 of the Complaint accurately references the substance of Sections 1.3 and 15.1 of the AIA A141-2014 Standard Form of Agreement Between Owner and Design Builder dated September 12, 2016 (the "Contract"), which forms the basis for the contractual relationship between Plaintiff and Elder.

7. Paragraph 7 of the Complaint references the Contract, which is a legal document that speaks for itself. All allegations not admitted herein are denied.

8. Paragraph 8 of the Complaint references Exhibit No. 2 to the Contract. Amendment No. 2 to the Contract is a legal document that speaks for itself. All allegations not admitted herein are denied.

9. Elder admits that the Contract identifies Honeywell International, Inc. as the Owner. The Contract also identifies Rob Wolter of Honeywell Global Real Estate as the Owner's Representative for the Project Team and the person who is required to review the Design-Builder's Submittals (See. Complaint, Ex. A, §§ 1.2.1 and 1.2.2). Elder admits that the Contract identifies Elder as the Design-Builder. The Contract also identifies YOW Architects, P.C. as the Architect (See Complaint, Ex. A, §1.1.8.1) and MEP Engineering, Inc. as the Consultants (See Complaint,

Ex. A, §1.1.8.2) who were required by Plaintiff to be hired to provide services at the Project. All other allegations not contained in paragraph 9 of the Complaint not specifically admitted herein are denied.

10. The Contract is a legal document that speaks for itself. All other allegations in paragraph 10 of the Complaint not specifically admitted herein are denied.

11. The Contract is a legal document that speaks for itself. All other allegations in paragraph 11 and it's subparagraphs a through g of the Complaint not specifically admitted herein are denied.

12. The allegations contained in paragraph 12 of the Complaint are denied.

13. Elder is without sufficient information or belief to admit or deny the allegations contained in paragraph 13 of the Complaint. On that basis, the same are denied.

14. Elder is without sufficient information or belief to admit or deny the allegations contained in paragraph 14 of the Complaint. On that basis, the same are denied.

15. Elder admits that it engaged in a number of meetings with representatives of Plaintiff to discuss issues related to the HVAC system for the Project. All other allegations contained in paragraph 15 not specifically admitted herein are denied.

16. The allegations in paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are denied.

18. The letter referenced in paragraph 18 of the Complaint speaks for itself. To the extent the letter contains allegations directed against Elder, the same are denied.

19. The letter referenced in paragraph 19 of the Complaint speaks for itself. To the extent the letter contains allegations directed against Elder, the same are denied.

20. The letter referenced in paragraph 20 of the Complaint speaks for itself. To the extent the letter contains allegations directed against Elder, the same are denied.

21. The Notice of Claim pursuant to C.R.S. §13-20-801, *et seq.* speaks for itself. Elder denies that it is responsible for the defects that are the subject of the Notice of Claim. All other allegations not specifically addressed herein are denied.

22. The Notice of Claim speaks for itself. Elder admits that the Notice of Claim references the monetary amounts identified in paragraph 22 of the Complaint. All other allegations in paragraph 22 of the Complaint not specifically addressed herein are denied.

23. The allegation in paragraph 23 of the Complaint is admitted.

24. CDARA's provisions addressing the Notice of Claim process are contained in C.R.S. §13-20-803.5. No further response is required. All other allegations in paragraph 24 of the Complaint not specifically addressed herein are denied.

25. CDARA's provisions addressing the Notice of Claim process are contained in C.R.S. §13-20-803.5. No further response is required. All other allegations in paragraph 25 of the Complaint not specifically addressed herein are denied.

26. Whether the Plaintiff has complied with the pre-suit Notice of Claim requirements contained in CDARA is a question of law that does not require a response from Elder at this time. All other allegations in paragraph 26 of the Complaint not specifically addressed herein are denied.

27. Paragraph 27 of the Complaint is introductory in nature. It does not contain any independent factual allegations against Elder, but instead, incorporates allegations from elsewhere in the Complaint. Elder incorporates it's responses as set forth herein.

28. Whether the Contract is valid and enforceable is a legal determination that will be resolved through the course of this lawsuit. Elder reserves it's right to challenge any legal position taken by the Plaintiff regarding the terms and conditions or applicability of any provision in the Contract. All other allegations in paragraph 28 of the Complaint not specifically addressed herein are denied.

29. Whether the Plaintiff has met all of its obligations pursuant to the terms and conditions of the Contract is a legal determination that will be resolved through the course of this lawsuit. Elder reserves it's right to challenge whether the Plaintiff has met its contractual obligations as set forth in the Contract. All other allegations in paragraph 29 of the Complaint not specifically addressed herein are denied.

30. Elder denies the allegations in paragraph 30 of the Complaint.

31. Elder denies that it breached the Contract as alleged in paragraph 31 of the Complaint. All other allegations in paragraph 31 of the Complaint not specifically addressed herein are denied.

32. Elder denies the allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint is introductory in nature. It does not contain any independent factual allegations against Elder, but instead, incorporates allegations from elsewhere in the Complaint. Elder incorporates it's responses as set forth herein.

34. The Contract is a legal document that speaks for itself. All other allegations in paragraph 34 of the Complaint not specifically addressed herein are denied.

35. Elder denies the allegations in paragraph 35 of the Complaint.

36. Elder denies that it breached any warranty contained in the Contract as alleged in paragraph 36 of the Complaint. All other allegations in paragraph 36 of the Complaint not specifically addressed herein are denied.

37. Elder denies the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint is introductory in nature. It does not contain any independent factual allegations against Elder, but instead, incorporates allegations from elsewhere in the Complaint. Elder incorporates it's responses as set forth herein.

39. The nature and extent of any duties that Elder may have owed to the Plaintiff are legal questions that will be determined through the course of this lawsuit. Elder reserves it's right to challenge any legal position taken by the Plaintiff regarding Elder's compliance with any duty or duties imposed upon it by law. All other allegations in paragraph 39 of the Complaint not specifically addressed herein are denied.

40. Elder denies the allegations in paragraph 40 of the Complaint.

41. Elder denies the allegations in paragraph 41 of the Complaint.

### AFFIRMATIVE DEFENSES

Elder reserves the right to amend these defenses or assert additional defenses based upon discovery or the admissions or amendments of Plaintiff or other party to this suit.

### First Affirmative Defense

The Complaint fails to state a claim(s) for which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or repose.

### Third Affirmative Defense

The Plaintiff's damages, if any, which damages are not admitted herein, are the direct result of the actions or omissions of third parties over whom Elder had no right or authority to exercise control.

### Fourth Affirmative Defense

The Plaintiff's damages, if any, which damages are not admitted herein, are the direct result of the actions or omissions of the Plaintiff.

### Fifth Affirmative Defense

The Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, accord and satisfaction, and/or unclean hands.

### Sixth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of assumption of the risk.

### Seventh Affirmative Defense

The Plaintiff's claims may be barred, in whole or in part, reduced or diminished by the fault of the Plaintiff and/or those under its control.

### Eighth Affirmative Defense

Plaintiff has materially breached its contract with Elder, which material breach of contract excused Elder from performance of the contract.

### Ninth Affirmative Defense

The Plaintiff has failed to mitigate its damages, if any, which damages are not admitted herein.

### Tenth Affirmative Defense

The Plaintiff's claims against Elder, in whole or in part, may violate F.R.C.P. 11 and C.R.S. § 13-17-101 *et seq.* and are substantially frivolous, groundless, and/or vexatious. As a result, Elder

reserves the right to request an award of all of its attorney fees incurred in defending against the complaint and this lawsuit, from inception through final dismissal or judgment.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrines of acquiescence, acceptance, consent, or ratification.

### Twelfth Affirmative Defense

Plaintiff's claims or its damages, if any, may be limited in whole or in part by the doctrine of intervening cause.

### Thirteenth Affirmative Defense

The Plaintiff's claims may be barred, in whole or in part, reduced or diminished by the comparative fault of the Plaintiff and/or those under its control.

### Fourteenth Affirmative Defense

Elder may not be held liable for an amount greater than that represented by the degree or percentage of fault attributed to it that produced the claimed injury, damage or loss.

### Thirteenth Affirmative Defense

The Plaintiffs claim cannot be fully adjudicated as a result of the failure of the Plaintiff to join an indispensable party pursuant to F.R.C.P. 19.

**ELDER DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE.**

WHEREFORE, ELDER prays for the following relief:

1. That the Complaint be dismissed with prejudice.

2. For attorney's fees, costs and expert witness fees incurred in defending against the claims contained in the Complaint.

3. For any additional relief that the Court sees proper under the circumstances.

Respectfully submitted on February 7, 2020.

*s/ Brad A. Ramming*
Brad A. Ramming
Carin J. Ramirez
Joshua D. McMahon
Courtney K. Fischel
SWEETBAUM SANDS ANDERSON PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone Number: 303-296-3377
Fax Number: 303-296-7343
Email: bramming@sweetbaumsands.com
cramirez@sweetbaumsands.com
jmcmahon@sweetbaumsands.com
cfischel@sweetbaumsands.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

| | |
|---|---|
| Stephen Bell, Esq.<br>Dorsey & Whitney LLP<br>1400 Wewatta Street, Suite 400<br>Denver, CO  80202-5549<br>bell.steve@dorsey.com<br>*Attorney for Plaintiff* | Peter J. Torcicollo, Esq.<br>Lisa Lombardo, Esq.<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>PTorcicollo@gibbonslaw.com<br>llombardo@gibbonslaw.com<br>*Attorneys for Plaintiff* |

*s/ Danielle Wafford*
Danielle Wafford