IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No.: 19-cv-3349-WJM

HONEYWELL INTERNATIONAL INC.,
a Delaware Corporation,

   Plaintiff,

    v.

ELDER CONSTRUCTION, INC.,
a Colorado Corporation.

   Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND

### PRO SE PARTIES

The Scheduling Conference took place on March 23, 2020 via telephone and the

following counsel appeared:

For Plaintiff Honeywell International Inc.:

Stephen D. Bell, Esq., Colo. Reg. No. 22419
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
(303) 629-3400
bell.steve@dorsey.com

    -and-

Peter J. Torcicollo, Esq. and Lisa Lombardo, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
PTorcicollo@gibbonslaw.com and llombardo@gibbonslaw.com

For Defendant Elder Construction, Inc.:

Brad Ramming, Esq., Colo. Reg. No. 22665
Sweetbaum Sands Anderson PC
1125 17th Street, Suite 2100
Denver, CO 80202
(303) 296-3377
bramming@sweetbaumsands.com

## 2. STATEMENT OF JURISDICTION

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff and Defendant are citizens of different States. The actions and omissions giving rise to this action occurred in Broomfield County, Colorado. Venue is therefore proper in this district under 28 U.S.C. § 1391(a), (c).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.       Plaintiff(s): Plaintiff Honeywell International Inc. ("Plaintiff" or "Honeywell") and Defendant Elder Construction, Inc. ("Defendant" or "Elder") entered into an "Owner and Design-Builder" contract ("Contract") whereby Elder was engaged to, among other things, provide the design, construction and related services for certain of Honeywell's laboratories in Broomfield, Colorado ("Project"). Elder failed to properly design and construct the laboratories according to required temperature and humidity standards. Plaintiff has repeatedly notified Defendant of its failures on this construction project,

which Defendant has not satisfactorily cured. Plaintiff has suffered and continues to suffer damages, including but not limited to those relating to the remediation of Elder's defective work on the Project and inability to utilize the laboratory space as intended and required by the Contract.

    b.    Defendant(s): Elder admits that it entered into the Contract. Elder denies that it breached the contract or acted in a negligent manner in carrying out its work under the terms and conditions of the Contract. Elder denies that the Plaintiff has suffered or continues to suffer any damages that can be attributed to Elder. Elder will rely upon the affirmative defenses set forth in its Answer to the Plaintiff's Complaint.

    c.    Other Parties:

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- Honeywell and Elder entered into an "Owner and Design-Builder" contract for design and construction services relating to a project located at 303 S. Technology Ct., Broomfield, Colorado 80021.
- Elder contracted with Yow Architects P.C. ("Yow") to act as the Architect on the underlying Project.
- Yow contracted with MEP Engineering, Inc. ("MEP") to act as the mechanical, electrical and plumbing engineer on the Project.
- Prior to filing suit, Honeywell, Elder and others engaged in a number of meetings to discuss issues related to the Project's HVAC system.

- By correspondence dated December 17, 2018, Honeywell Vice President of Global Real Estate Daniel Kirschner, sent a letter to Elder Vice President Patrick Elder, stating that, in accordance with the Contract, Honeywell would "be retaining a separate consultant to re-design the lab HVAC system to meet the Project's temperature and humidity control requirements."
- By correspondence dated June 13, 2019, Mr. Kirschner again wrote to Mr. Elder, providing a formal "Notice of Claim" pursuant to the Colorado Construction Defect Action Reform Act, C.R.S.A. § 13-20-801, et seq. ("CDARA").
- In response to the June 2019 Notice of Claim and CDARA, Elder performed an inspection of the Project site on September 26, 2019.

### 5.  COMPUTATION OF DAMAGES

Honeywell is seeking to recover the costs it has spent, and will spend in the future, to remediate the Project's three laboratories that were improperly designed and constructed, in addition to damages resulting from its loss of use of the laboratory space, increased maintenance costs that have been incurred and continue to accrue from the improper/negligent design, pre and post judgment interest and costs and attorneys' fees. To date, Honeywell has spent $490,660 to remediate one of the laboratories, and estimates that the remediation of the other two labs will cost approximately $2.5 million.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting. The Rule 26(f) meeting took place on March 4, 2020.

b.  Names of each participant and party he/she represented.

Appearing for Plaintiff Honeywell: Stephen D. Bell and Maral Shoaei of Dorsey & Whitney LLP in Denver, Colorado and Peter J. Torcicollo and Lisa Lombardo of Gibbons P.C. in Newark, New Jersey.

Appearing for Defendant Elder: Brad A. Ramming and Carin J. Ramirez of Sweetbaum Sands Anderson PC in Denver, Colorado.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made. Rule 26(a)(1) disclosures will be made by March 18, 2020.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). None anticipated at this time.

e.  Statement concerning any agreements to conduct informal discovery: In response to the June 2019 Notice of Claim and CDARA, Elder performed an inspection of the Project site on September 26, 2019.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system. Counsel agree to bate stamp their respective document productions and to attempt to utilize a unified exhibit numbering system for deposition exhibits.

g.  Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Counsel anticipate an average amount of electronically store information ("ESI") for a case of this size and complexity. The parties anticipate entering into a Discovery Confidentiality Order and ESI protocol establishing, among other things, agreed-upon search terms and document custodians.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff provided the required notices under CDARA through which Defendant could have tendered an offer to settle. The parties are open to settlement discussions. The parties are willing to mediate this case at the close of discovery.

# 7.
# CONSENT

All parties  ☐ [have]  **X**  [have not] consented to the exercise of jurisdiction of a magistrate judge.

# 8. DISCOVERY
# LIMITATIONS

a.  Modifications which any party proposes to the presumptive
    numbers of depositions or interrogatories contained in the Federal
    Rules.

The parties do not currently anticipate exceeding the limit on the numbers of depositions or interrogatories contained in the Federal Rules. The parties are

limited to ten depositions per party which number is exclusive of designated experts and twenty-five (25) interrogatories per party.

    b.      Limitations which any party proposes on the length of depositions.

The parties do not currently anticipate exceeding the seven hour limit for the length of depositions in the Federal Rules.

    c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for production of documents and/or requests for admission will be limited to 25 of each per party.

    d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: June 15, 2020.

    e.      Other Planning or Discovery Orders:

The parties anticipate that third parties will be joined in the action. Regarding site inspections, due to the COVID-19 virus, the underlying Project site in Broomfield, Colorado is currently closed to all but essential business functions. When the site is re-opened for normal business operations the following protocols will apply, with the understanding that the Parties will meet and confer upon any other issues not reasonably addressed herein.

    i.      Non-Intrusive Interior/Exterior Inspections: If Defendant or any other third party Defendant joined wishes to conduct non-intrusive interior or exterior inspections of the areas of the Project that are at issue in this matter, they shall submit a request to counsel for Plaintiff setting forth the areas to be inspected, the

individuals who will be present and the time required for the inspection. Within ten(10) calendar days thereafter, Plaintiff will respond to the request with an outline of security measures which must be adhered to in order to gain access to the site and other inspection parameters, for example, with respect to taking photos or videos of the site. Plaintiff shall use its best efforts to schedule such inspections at a mutually convenient time within thirty (30) days of the date that the request is submitted provided the parties have agreed to the protocols Plaintiff has put in place with respect to inspections.

     ii.     Repairs: No repairs, except emergency repairs, shall be performed in connection with the alleged defects in the labs underlying this matter without five (5) business days' notice to all counsel of record. The Plaintiff will provide, in writing to all counsel, the nature of any such emergency and the repairs performed. As to all non-emergency repairs, the Parties shall be allowed to view and document such repairs provided they adhere to all reasonable restrictions put in place by Plaintiff for accessing the site and observing the repairs, and are available on the date selected for the repairs. For purposes of this section, repairs shall not include maintenance or ordinary operations conducted on site.

     iii.     Intrusive testing: The Parties acknowledge the issues may involve a need for intrusive testing, however, at the time of this filing the possible nature and extent of such intrusive testing is unknown. The Parties reserve the right to seek further amendment of this Scheduling Order to address intrusive testing, if an agreement cannot be otherwise obtained by the Parties.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: April 30, 2020.

b. Discovery Cut-off: March 31, 2021.

c. Dispositive Motion Deadline: May 14, 2021.

d. Expert Witness Disclosure

    1. The parties shall identify anticipated fields of expert testimony, if any. Design, construction and standard of care issues pertinent to the claims and defenses brought in the action.

    2. Limitations which the parties propose on the use or number of expert witnesses. Four per side. The parties reserve their right to increase the number of expert witnesses if additional parties are joined.

    3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 30, 2020.

    4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 15, 2021.

e. Identification of Persons to Be Deposed:

The parties anticipate conducting depositions of relevant fact witnesses, the experts and Rule 30(b)(6) witnesses. The parties expect to be able to designate specific fact witness depositions after written discovery is conducted.

### 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    Status conferences will be held in this case at the following dates and times:

_____.

**b.   A final pretrial conference will be held in this case on July 19, 2021 at 9:30 a.m.   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than July 12, 2021.**

### 11.  OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    b.    Anticipated length of trial and whether trial is to the court or jury. Jury trial estimated to last approximately ten days.

    c.    Pretrial proceedings, if any, will be conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476 unless otherwise ordered by the District Court.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 17th day of March, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Stephen D. Bell* | */s/ Brad A. Ramming* |
| Stephen D. Bell | Brad A. Ramming |
| Dorsey & Whitney LLP | Carin J. Ramirez |
| 1400 Wewatta Street, Suite 400 | Courtney K. Fischel |
| Denver, Colorado 80202 | Sweetbaum Sands Anderson PC |
| Phone Number: 303-629-3400 | 1125 Seventeenth Street, Suite 2100 |
| | Denver, Colorado 80202 |
| - and - | Phone Number: 303-296-3377 |

Peter J. Torcicollo
Lisa Lombardo
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
Phone Number: 973-596-4500

Attorneys for Plaintiff Honeywell International Inc.   Attorney for Defendant Elder Construction, Inc.