IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03349-WJM-KMT

**HONEYWELL INTERNATIONAL INC.**,

a Delaware Corporation,

    Plaintiff,

v.

**ELDER CONSTRUCTION, INC.**,
a Colorado Corporation.

    Defendant.

**ELDER CONSTRUCTION, INC.**,

    Third-Party Plaintiff

v.

**YOW ARCHITECTS P.C.**, a Colorado Professional Corporation,

    Third-Party Defendant

---

### **THIRD-PARTY COMPLAINT**

---

Defendant and Third-Party Plaintiff Elder Construction, Inc. ("Elder"), by and through its counsel, Sweetbaum Sands Anderson PC, hereby submits its Third-Party Complaint against Yow Architects P.C. as follows:

### **INTRODUCTION**

1. Honeywell International Inc. ("Honeywell") alleges design and construction defects at certain laboratories located at 303 S. Technology Ct., Broomfield, Colorado 80021 (the "Project"). Honeywell alleges that the Project as constructed does not meet the required

temperature and humidity specifications. Honeywell claims it has incurred damages as a result of the alleged defects.

2. Elder was the design-build contractor for the Project. Elder denies it can be held liable for design activities undertaken by design professionals for whom Elder cannot lawfully control or direct and whom Elder did not control or direct. Elder also denies liability for the alleged defects based upon denials of the allegations in Honeywell's Complaint and the affirmative defenses pled by Elder in its Answer to Honeywell's Complaint.

3. Elder contracted with YOW Architects, P.C. ("YOW") to perform the design work for the Project. Elder denies liability for the defects and damages alleged by Honeywell, but, in the event Honeywell proves its claims, asserts these third-party claims against YOW because the allegations arise from defective services provided by YOW.

## PARTIES, JURISDICTION AND VENUE

4. Elder is a Colorado corporation which, at all times material hereto, was authorized to transact business in Colorado.

5. Third-Party Defendant YOW is a Colorado professional corporation with a principal business address of 115 S. Weber Street, Suite 200, Colorado Springs, Colorado 80903.

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff and Defendant are citizens of different States.

7. The Court has jurisdiction over these Third-Party claims pursuant to 28 U.S.C. § 1367, and these Third-Party claims are otherwise properly asserted under Fed. R. Civ. P. 14(a) and paragraph 9(a) of the Scheduling Order [ECF 37] because the Third-Party Defendant is liable for

all or part of Plaintiff's claims against Elder.

8.      The conduct giving rise to this action occurred in Colorado. Venue is therefore proper in this district under 28 U.S.C. § 1391(a), (b).

## GENERAL ALLEGATIONS

9.      Elder acted as the design-build contractor for the Project.

10.     Elder contracted with Third-Party Defendant YOW to perform design services at the Project.

11.     YOW was the architect of record for the Project.

12.     At all times relevant to the issues herein, Honeywell was aware that Elder would not perform or direct any design services and Honeywell required the design services to be performed by YOW and other design professionals. Honeywell relied upon the design professionals to perform the design work at the project independent of any services performed by Elder.

13.     The contract between Elder and YOW required YOW to provide design services to meet Honeywell's requirements for the Project, including but not limited to architectural design, mechanical design, electrical design, and HVAC design.

14.     On November 26, 2019, Honeywell filed its Complaint [ECF 1] in this action against Elder to recover damages for alleged design and construction defects at the Project. Plaintiff asserts claims of breach of contract, breach of express warranty, and professional negligence against Elder.

15. Honeywell alleges the Project does not meet the requirements that the temperature in certain laboratories remain at 70° F with a deviation of no more than +/- 0.36 ° F and that the relative humidity in the three labs remain at 40% with a deviation of no more than +/- 5%.

16. Honeywell's allegations arise in whole or in part from the design services provided by YOW and/or its consultants and subcontractors.

17. If Honeywell's allegations against Elder are true and accurate, which Elder denies, YOW, as the subcontractor and design professional that performed the allegedly defective work, is liable to Elder for all or part of Honeywell's claims against Elder.

18. Elder has complied with the requirements of C.R.S. §13-20-801, et seq., to commence this action against YOW. Elder mailed YOW a formal Notice of Claim via U.S. Certified Mail on December 27, 2019. Enclosed with the letter was the Notice of Claim that Honeywell had provided to Elder describing the alleged defects and Honeywell's claimed repair costs. YOW did not request an inspection of the property or make an offer of repair.

## FIRST THIRD-PARTY CLAIM FOR RELIEF
**Breach of Contract**

19. Elder incorporates the foregoing paragraphs as if set forth fully herein.

20. YOW entered into a contract with Elder pursuant to which YOW agreed to provide design services to meet Honeywell's requirements for the Project, including but not limited to architectural design, mechanical design, electrical design, and HVAC design.

21. To the extent the allegations asserted by the Honeywell against Elder are true, which Elder denies, YOW has breached its contractual obligations by failing to design the Project to meet Honeywell's requirements.

22. Elder performed its obligations under the contract between Elder and YOW.

23. As a result of YOW's breach of its contractual duties, Elder has suffered damages to be determined at trial.

## SECOND THIRD-PARTY CLAIM FOR RELIEF
### Negligence

24. Elder incorporates the foregoing paragraphs as if set forth fully herein.

25. YOW owed Elder a duty to use reasonable care in the performance of its design work, choice of consultants, supervision of its employees and consultants, coordination, and quality control of the services it provided to Elder.

26. The duties YOW owed to Elder are not found in any contract between Elder and YOW.

27. To the extent the allegations asserted by Honeywell against Elder are true, which Elder denies, YOW breached its duty of reasonable care owed to Elder.

28. As a direct and proximate result of YOW's breach of its duty of care, Elder has suffered damages to be determined at trial.

29. Further, the natural and probable consequence of YOW's breach of its duty of reasonable care to Elder when performing services concerning the Project was to embroil Elder in litigation with Honeywell concerning defective construction arising or resulting from that breach.

30. As a result of YOW's breach of its duty of reasonable care, Elder has become obligated to defend against the allegations asserted by Honeywell, specifically concerning issues for which Elder may or will be held liable arising solely or partially arising from YOW's work.

31. Elder has suffered damages, including but not limited to attorneys' fees and costs incurred defending against the claims and allegations asserted by Honeywell and which arise from YOW's breach of its duties.

### THIRD THIRD-PARTY CLAIM FOR RELIEF
**Professional Negligence**

32. Elder incorporates the foregoing paragraphs as if set forth fully herein.

33. YOW, as a professional architect, owed Elder a duty to use reasonable care in a manner consistent with the knowledge and ability possessed by architects in good standing in the performance of design work it performed for the Project.

34. The duty described in Paragraph 33 is not found in any contract between Elder and YOW.

35. To the extent the allegations asserted by Honeywell against Elder are true, which Elder denies, YOW breached its duty to Elder to use reasonable care in a manner consistent with the knowledge and ability possessed by architects in good standing.

36. As a direct and proximate result of YOW's breach of its professional duty, Elder has suffered damages to be determined at trial.

37. Further, the natural and probable consequence of YOW's breach of its professional duty to Elder when performing services concerning the Project was to embroil Elder in litigation with Honeywell concerning defective design and construction arising or resulting from that breach.

38. As a result of YOW's breach of its professional duty, Elder has become obligated to defend against allegations asserted by Honeywell, specifically concerning issues solely or partially arising from YOW's work for which Elder may or will be held liable.

39. Elder has suffered damages, including but not limited to attorneys' fees and costs incurred defending against the claims and allegations asserted by Honeywell and which arise from YOW's breach of its professional duties.

### FOURTH THIRD-PARTY CLAIM FOR RELIEF

**Contribution Pursuant to C.R.S. § 13-50.5-102**

40. Elder incorporates the foregoing paragraphs as if set forth fully herein.

41. To the extent Elder is held liable to Honeywell for defects arising from the design services provided by YOW, which liability Elder denies, such liability would necessarily arise from joint and several liability on the part of Elder and YOW, because YOW is the entity that provided the design services that Honeywell alleges are defective.

42. To the extent Elder is held liable to Honeywell for defects arising from the design services provided by YOW, which liability Elder denies, YOW is responsible for all or part of the damages arising from any and all design defects because such damages arise from the negligence of YOW.

43. Pursuant to C.R.S. § 13-50.5-102, if Elder is found liable to Honeywell for damages arising from YOW's negligence or professional negligence, Elder has a right to contribution from YOW for YOW's pro rata share of such damages.

WHEREFORE, Elder Construction, Inc. prays that the Court enter judgment in favor of Elder and against YOW Architects P.C. in an amount to be proven at trial, including but not limited to the portion of damages awarded against Elder in the claims by Honeywell arising from YOW's conduct, Elder's costs and attorney's fees arising from its defense against the claims asserted by Elder, costs, fees, attorney's fees, pre-judgment and post-judgment interest and all other relief permitted by contract or law as the Court determines is necessary and applicable under the circumstances.

**JURY DEMAND**

Elder hereby demands a jury on all issues so triable.

Respectfully submitted on April 27, 2020.

*s/ Brad A. Ramming*
Brad A. Ramming
Carin J. Ramirez
Joshua D. McMahon
Courtney K. Fischel
SWEETBAUM SANDS ANDERSON PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone Number: 303-296-3377
Fax Number: 303-296-7343
Email: bramming@sweetbaumsands.com
cramirez@sweetbaumsands.com
jmcmahon@sweetbaumsands.com
cfischel@sweetbaumsands.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

| | |
|---|---|
| Stephen Bell, Esq.<br>Dorsey & Whitney LLP<br>1400 Wewatta Street, Suite 400<br>Denver, CO  80202-5549<br>bell.steve@dorsey.com<br>*Attorney for Plaintiff* | Peter J. Torcicollo, Esq.<br>Lisa Lombardo, Esq.<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>PTorcicollo@gibbonslaw.com<br>llombardo@gibbonslaw.com<br>*Attorneys for Plaintiff* |

*s/ Lisa Esquibel*
Lisa Esquibel